# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| COURTNEY WARNER, | ) | |
| | ) | |
| v. | ) | NO. 1:18-cv-00028 |
| | ) | |
| SOCIAL SECURITY | ) | JUDGE CAMPBELL |
| ADMINISTRATION | ) | MAGISTRATE JUDGE HOLMES |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b), (Doc. No. 27), and Plaintiff's Objections thereto. (Doc. No. 31-2). For the reasons discussed below, Plaintiff's objections to the R&R will be overruled, and the Magistrate Judge's R&R will be approved and adopted.

## I.    BACKGROUND

Plaintiff filed this action on April 6, 2018 seeking judicial review of the administrative denial of her application for social security benefits. (Doc. No. 1). Defendant filed an answer and the administrative record on August 28, 2018. (Doc. Nos. 13, 14). By Order entered on August 29, 2018, the Magistrate Judge gave Plaintiff 28 days to file a motion for judgment on the record and accompanying memorandum. (Doc. No. 15). Plaintiff failed to do so, and on November 6, 2018, the Magistrate Judge ordered Plaintiff to file within 14 days a motion for judgment on the record and accompanying memorandum or otherwise show cause as to why the Complaint should not be dismissed. (Doc. No. 17). Plaintiff was warned that failure to do so would result in recommendation that her case be dismissed. (*Id.*). In response, Plaintiff filed a Motion to extend her deadline for filing a motion for judgment on the record until December 19, 2018. (Doc. No.

19). The Magistrate Judge granted Plaintiff's motion for extension of time by Order entered on November 29, 2018, extending Plaintiff's deadline for filing a motion for judgment on the record to December 31, 2018. (Doc. No. 20). Plaintiff and her counsel were advised there would be no future accommodations for Plaintiff's counsel's inattention to the Court's directives. (*Id*.) However, Plaintiff did not file a motion for judgment on the record within the time frame. On February 21, 2018, Plaintiff filed a motion for a continuance of the dispositive motion deadline to February 21, 2018, (Doc. No. 23), and a motion for judgment on the record. (Doc. Nos. 24-25). The Magistrate Judge denied Plaintiff's untimely motion for a continuance and issued the R&R on March 6, 2018, recommending dismissal of Plaintiff's action. (Doc. No. 27). The Magistrate Judge advised the parties that any objections to the R&R were to state with particularity the specific portions of the R&R to which objection is made. (*Id*.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986) (internal quotation marks and citation omitted). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Zimmerman*,

354 F. Appx. at 230 (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

An action may be dismissed if the plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). As the Magistrate Judge aptly noted, in determining whether dismissal under Federal Rule of Civil Procedure 41(b) is appropriate, the Sixth Circuit has directed courts to consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)). The Magistrate Judge considered the above factors and concluded dismissal of Plaintiff's case was warranted. (Doc. No. 27 at 3-6). Plaintiff appears to raise two objections to the R&R: (1) that the Magistrate Judge's recommendation "is inconsistent with the history of the case and with the Court's role in the administration of justice"; and (2) that Plaintiff "should not be punished for her counsel's struggles." (Doc. No. 31-2).

Plaintiff's first objection fails to identify specific factual or legal errors from the R&R. (*Id.* at 1-2). Rather Plaintiff's first objection merely states a disagreement with the Magistrate Judge's conclusion. (*Id.*). Objections which do not identify an error are meritless. *See Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *VanDiver v. Martin*, 304 F. Supp. 2d

934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Plaintiff's first objection will therefore be overruled.

Plaintiff's second objection also lacks specificity and fails to identify the portions of the Magistrate Judge's recommendation to which the objection is made. (*See* Doc. No. 31-2 ("Warner should not be punished for her counsel's struggles.")). The Magistrate Judge considered the impact recommending dismissal would have on Plaintiff in coming to her decision and provided a detailed explanation for her determination. (Doc. No. 27 at 2, 4-5). Plaintiff's second objection fails to direct the Court to a specific factual or legal error she alleges the Magistrate Judge committed in making her determination and appears to merely state a disagreement with the Magistrate Judge's conclusion. Plaintiff's second objection will therefore be overruled.

## IV. CONCLUSION

Having reviewed the R&R and fully considered Plaintiff's objections, the Court concludes that Plaintiff's objections are without merit, and the R&R (Doc. No. 27) should be adopted and approved. Accordingly, Plaintiff's Complaint (Doc. No. 1) is **DISMISSED** without prejudice under Federal Rule of Civil Procedure 41(b). The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE